**NOT FOR PUBLICATION**

| | : | |
|---|---|---|
| **GISELE R. BRETAN,** | : | |
| | : | **UNITED STATES DISTRICT COURT** |
| Plaintiff, | : | **DISTRICT OF NEW JERSEY** |
| | : | |
| -vs- | : | Hon. Dennis M. Cavanaugh |
| | : | Civil Action No. 06-1456 (DMC) |
| **KNOWLEDGE LEARNING** | : | |
| **CORPORATION,** | : | |
| | : | **REPORT & RECOMMENDATION** |
| Defendants. | : | |
| | : | |

## INTRODUCTION

This matter comes before the Court on plaintiff Gisele R. Bretan's motion to remand the case to State Court.

On July 31, 2006, following oral argument, the undersigned granted plaintiff's motion to amend the complaint to add two new individual defendants whose inclusion would destroy diversity jurisdiction in this case. The reasons were placed on the record. An Order was entered on August 2, 2006. Since the addition of the new parties destroys jurisdiction, it is respectfully recommended that the case be remanded to the Superior Court of New Jersey, Middlesex County.

## SUMMARY

This removed diversity action involves an alleged claim of employment discrimination under the New Jersey Law Against Discrimination ("NJLAD"). Other statutory and common law claims are also asserted. Plaintiff Bretan is represented by her husband, Harold Bretan, who has candidly admitted his relative inexperience in this field of law. The case was filed in state court on February

6, 2006. It was timely removed on March 27, 2006. In April 2006, plaintiff attempted to amend the state court action to add two individual defendants, plaintiff's supervisor and a co-worker. However, the attempt failed because the case had already been removed to this court. Upon assuming case management duties, the undersigned instructed the parties to refrain from motion practice until an early settlement conference could be held. The parties agreed.

After the settlement conference failed to resolve the case, plaintiff moved to add the two individual defendants, alleging various claims including an individual claim of aiding and abetting claim expressly provided for by the NJLAD.

Defendant opposed the amendment on the ground that the purpose of the amendment was to defeat federal jurisdiction and that some of the claims were futile. These issues were fully aired at oral argument.

Section 28 USC §1447(e) provides:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny the joinder, or permit joinder and remand the action to the State court.

The court analyzed the proposed amendment pursuant to the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert denied, 493 U.S. 851(1989). The Hensgens factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.

In brief, the Court concluded that the primary purpose of the amendment was not to defeat federal jurisdiction, but to assert all viable claims against necessary parties. Plaintiff's counsel stated that the defendants were "inadvertently" omitted from the original complaint and that they were

always intended to be named.

Second, the Court found no evidence of dilatoriness. This is a new case. There has been no discovery. The only delay was caused by the Magistrate Judge's attempt to mediate a quick settlement.

Third, the court found that plaintiff would be prejudiced by denial of the motion. In addition, requiring plaintiff to file a parallel suit in state court against these defendants would be inefficient and further supports allowing the amendment.

## CONCLUSION

For the foregoing reasons, as well as those placed on the record and in light of the lack of federal jurisdiction following the amendment of the complaint, it is respectfully recommended that the case be remanded to the state court.

|  |  |
|---|---|
| Dated: August 3, 2006 | S/Mark Falk<br>MARK FALK<br>United States Magistrate Judge |

Orig. Clerk of the Court
cc: Hon. Dennis M. Cavanaugh, U.S.D.J.
     Parties
     File