NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GISELE R. BRETAN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> KNOWLEDGE LEARNING : <br> CORPORATION, : <br> : <br> Defendant. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 06-CV-1456 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Mark Falk, filed on July 31, 2006, whereby Judge Falk recommended this Court remand this case to the Superior Court of New Jersey, Middlesex County. Judge Falk issued his Report and Recommendation after hearing oral argument on July 31, 2006, regarding Gisele Bretan's ("Plaintiff") motion to amend the Complaint and remand this action to state court. For the reasons set forth below, the Report and Recommendation of Judge Falk to remand this case to state court is **adopted** and **affirmed**.

### I. Discussion

    Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may submit to a district court proposed findings of fact and recommendations concerning dispositive matters. The United States Supreme Court has held that "[w]here a Magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court unless specific objection is

filed within a reasonable time." Thomas v. Ann, 474 U.S. 140, 150-51 (1985). Section 636(b)(1) and Local Civil Rule 72.1(c)(2) prescribe a ten day period during which a party may object to a magistrate judge's report and recommendation. A district court judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); L. CIV. R. 72.1(c)(2).

In this matter, Judge Falk heard oral argument regarding Plaintiff's motion to amend the Complaint on July 31, 2006. During argument it was determined that the primary purpose of the amendment was not to defeat federal jurisdiction, but to assert all viable claims against necessary parties. Judge Falk also found that there was no evidence of dilatoriness and that Plaintiff would be prejudiced if the motion to amend was denied. Plaintiff's motion to amend the Complaint was granted on August 4, 2006. As such, diversity no longer exists and this case must be remanded to the Superior Court of New Jersey, Middlesex County.

The Court has reviewed this matter and agrees with Judge Falk's reasoning as set forth in the Report and Recommendation. Therefore, this Court adopts without hesitation or modification Judge Falk's Report and Recommendation in its entirety.

## II. CONCLUSION

For the reasons stated, it is the finding of this Court that Judge Falk's Report and Recommendation to remand this case to state court is hereby **adopted** and **affirmed**.

        S/   Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:       August 15, 2006
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.